

**Bakke
Grinolds
Wiederholt**

ATTORNEYS AT LAW

June 27, 2025

<u>*Via ECF*</u>

Susan E. Bindler, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

**Re:** **Mitchell v. Kirchmeier, et al., Appeal No: 24-2755**
        **F.R.App.P. 28(j) Letter re: *Barnes v. Felix*, 145 S.Ct. 1353 (2025)**

Dear Ms. Bindler:

Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, Defendants-Appellees Morton County Sheriff Kyle Kirchmeier, Morton County, City of Bismarck, Morton County Sheriff's Deputy George Piehl, and Bismarck Police Officer Tyler Welk bring to the Court's attention *Barnes v. Felix*, 145 S. Ct. 1353 (May 15, 2025), a recent decision by the Supreme Court of the United States entered after briefs were filed in this case that supports Appellees' argument that the reasonableness of an officer's decision to utilize force under the Fourth Amendment to the United States Constitution is analyzed under the totality of the circumstances faced by the officer, inclusive of relevant circumstances leading up to and surrounding the use of force, without time limits.

In *Barne v. Felix*, the Supreme Court held that courts may not apply a "moment-of-threat" rule when assessing the reasonableness of an officer's use of force as such a rule constricts the proper inquiry into the totality of the circumstances. "[T]he 'totality of the circumstances' inquiry into a use of force has no time limit." 145 S. Ct. at 1358. "The history of the interaction, as well as other past circumstances known to the officer, thus may inform the reasonableness of the use of force." *Id.* "[N]o rule that precludes consideration of prior events in assessing a police shooting is reconcilable with the fact-dependent and context-sensitive approach we have prescribed. A court deciding a use-of-force case cannot review the totality of the circumstances if it has put on chronological blinders." *Id.* at 1359.

Respectfully submitted,

*/s/ Shawn A. Grinolds*
Shawn A. Grinolds

Randall J. Bakke*△+◻∇
    rbakke@bgwattorneys.com
Shawn A. Grinolds*○
    sgrinolds@bgwattorneys.com
Bradley N. Wiederholt*○
    bwiederholt@bgwattorneys.com
Grant T. Bakke*×
    gbakke@bgwattorneys.com
David R. Phillips*
    dphillips@bgwattorneys.com

* Licensed in North Dakota
○ Licensed in Minnesota
△ Licensed in South Dakota
+ Board Certified Civil Trial
    Specialist by National Board
    of Trial Advocacy
◻ Fellow-Litigation Counsel of America
∇ Board Certified Civil Practice
    Advocacy by National Board
    of Civil Pretrial Practice Advocacy
× MBA

Clerk.3 28j submission Barnes v Felix

Bakke Grinolds Wiederholt, Attorneys
P.O. Box 4247 · Bismarck, ND 58502-4247
300 West Century Ave · Bismarck, ND 58503
p 701.751.8188 · f 701.751.7172
www.bgwattorneys.com