

**Roderick and Solange MacArthur Justice Center**
501 H Street NE, Suite 275
Washington, DC 20002

macarthurjusticecenter.org

**Devi Rao**
Director, Supreme Court and Appellate Program

devi.rao@macarthurjustice.org
O 202 869 3490
F 202 869 3435

July 2, 2025

**VIA ECF**
Susan E. Bindler, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

RE:  *Mitchell v. Kirchmeier, et al.*, No. 24-2755
Response to Defendants-Appellees' June 27 letter pursuant to Fed. R. App. P. 28(j)

Dear Ms. Bindler,

I write in response to the June 27, 2025 letter filed by counsel regarding *Barnes v. Felix*, 145 S. Ct. 1353 (2025). There is no question in this case that the reasonableness of the force includes the totality of the circumstances. *See, e.g.*, Op. Br. 25 (setting out test). This includes the entirety of the interaction between the parties with "no time limit." *Barnes*, 145 S. Ct. at 1358. Indeed, Mr. Mitchell's briefing *considered* the totality of the circumstances throughout its analysis, and explained that under this inquiry, the district court erroneously construed the facts, leading to an erroneous grant of summary judgment. *See, e.g.*, Op. Br. 30 (addressing Mr. Mitchell's admission that he cut concertina wire two days prior to application of force).

It is unclear why the City and County's counsel thinks *Barnes* helps his client's case—the 28(j) letter does not explain. If anything, *Barnes* provides a potent (counter-) example of when the prior conduct of a plaintiff *would* meaningfully increase the justification for the use of force: the facts of *Plumhoff v. Rickard*, 572 U.S. 765 (2014). In *Plumhoff*, given

the "driver's 'outrageously reckless' behavior over the prior 'five minutes,'" deadly force was warranted, despite the fact that at the moment of force the car was at "a near standstill." *Barnes*, 145 S. Ct. at 1358-59 (quoting *Plumhoff*, 572 U.S. at 776). "Given all of those [prior] events . . . a reasonable officer would have concluded that the driver was 'intent on resuming' his getaway" and would "'again pose a deadly threat to others.'" *Barnes*, 145 S. Ct. at 1359 (quoting *Plumhoff*, 572 U.S. at 777). Here, in contrast, there was nothing about the earlier interactions between the parties that would have suggested to a reasonable officer that—notwithstanding that Mr. Mitchell posed no immediate threat of serious harm at the moment the officers fired upon him—the force used was somehow warranted anyway.

In short, *Barnes* is largely irrelevant to the Court's analysis of the issues in this case but, if anything, it illustrates how little threat Mr. Mitchell posed *at any point*.

Sincerely,
*/s/ Devi M. Rao*
Devi M. Rao

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 28(j), the body of the foregoing letter does not exceed 350 words.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2025, I caused the foregoing response to citation of supplemental authorities to be electronically filed with the Clerk of Court for the U.S. Court of Appeals for the Eighth Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Devi M. Rao*
Devi M. Rao