

**Roderick and Solange MacArthur Justice Center**
501 H Street NE, Suite 275
Washington, DC 20002

macarthurjusticecenter.org

**Devi Rao**
Director, Supreme Court and Appellate Program

devi.rao@macarthurjustice.org
O  202 869 3490
F  202 869 3435

October 17, 2025

<u>**VIA ECF**</u>
Susan E. Bindler, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

RE:  *Mitchell v. Kirchmeier, et al.*, No. 24-2755
Letter pursuant to Fed. R. App. P. 28(j) regarding *Locke v. County of Hubbard*, 152 F.4th 903 (8th Cir. 2025)

Dear Ms. Bindler,

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellant Marcus Mitchell writes to bring the Court's attention to *Locke v. County of Hubbard*, 152 F.4th 903 (8th Cir. 2025).

*Locke*, like this case, involved an excessive force claim brought by an oil pipeline protestor. *Id.* at 907. It is instructive as to each prong of the *Graham* test, and to the existence of clearly-established law.

To start, the Court held, as here, that a reasonable officer in the defendants' position "would have known that [the plaintiff] was committing the nonviolent misdemeanors of trespass and obstruction." *Id.* at 908; *accord* App.924 (Piehl stating he perceived Mitchell to be "trespassing" and displaying "disobedience of a lawful order"). The Court in *Locke* concluded that these "are not 'sever[e]' crimes." 152 F.4th at 909 (citing this Court's caselaw, including *Mitchell v. Kirchmeier*, 28 F.4th 888, 898-99 (8th Cir. 2022)).

Nor did Locke, like Mitchell, pose an immediate threat to anyone's safety. *Id.* The Court also held that Locke, like Mitchell, was not "actively resisting arrest" and the fact that "he could have submitted to his inevitable arrest"—but chose not to—"does not mean that a reasonable officer would consider his noncompliance to rise to the level of active resistance." *Id.*

Ultimately, the Court held that Locke stated a constitutional violation, noting that this was not a "tense, uncertain, and rapidly evolving" situation where officers were "forced to make split-second judgments" about the amount of force required; rather, they "had time to think about how to disperse the protestors." *Id.* In all, Locke was "the type of individual against whom the use of force is 'least justified'"—"a nonviolent misdemeanant who did not flee or actively resist arrest and who posed no immediate threat to anyone's safety." *Id.* at 909-10 (cleaned up).

Additionally, the Court held its "cases clearly establish that when protestors are noncompliant or passively resisting—but not actively resisting—officers can use only *de minimis* force in their arrests, unless some other circumstance justifies the use of more substantial force." *Id.* at 911. *Locke* is on all fours with this case.

Sincerely,
*/s/ Devi M. Rao*
Devi M. Rao

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 28(j), the body of the foregoing letter does not exceed 350 words.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2025, I caused the foregoing citation of supplemental authorities to be electronically filed with the Clerk of Court for the U.S. Court of Appeals for the Eighth Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Devi M. Rao*
Devi M. Rao