

**Bakke
Grinolds
Wiederholt**
ATTORNEYS AT LAW

October 21, 2025

<u>*Via ECF*</u>

Susan E. Bindler, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

**Re:** Mitchell v. Kirchmeier, et al., Appeal No: 24-2755
F. R. App. P. 28(j) Response re: *Locke v. County of Hubbard*, 152 F.4th 903 (8th Cir. 2025)

Dear Ms. Bindler:

This letter constitutes Appellees' Kirchmeier, Morton County, City of Bismarck, Piehl and Welk's response to Appellant Mitchell's Rule 28(j) letter dated October 17, 2025 regarding *Locke v. County of Hubbard*, 152 F. 4th 903 (8th Cir. 2025). *Locke* is factually distinguishable from the present case.

In *Locke*, a protester secured himself to construction equipment within a pipeline easement via a sleeping dragon. After the protester refused to release himself, the officers applied multiple pressure point techniques upon the protester in attempting to get the protester to release himself. Other officers later arrived and removed the sleeping dragon device from the protester. Applying the excessive force standard of *Graham v. Connor*, 490 U.S. 386, 396 (1989), the Court determined that under the circumstances alleged in the complaint (Rule 12 standard), the officers could not use more than *de minimis* force because the protester was a nonviolent misdemeanant who did not pose an immediate threat to anyone, and who was neither actively resisting nor evading arrest through flight. The Court characterized the refusal to voluntarily release from the sleeping dragon as passive resistance. The Court also noted a reasonable alternative to the use of force was available by waiting for the other officers to remove the sleeping dragon.

*Locke* is factually distinguishable from the present case because Mitchell was part of a large and riotous crowd, was engaged in serious crimes, threatened law enforcement, and posed a risk of flight as he repeatedly evaded arrest by officers by running away. After each flight, Mitchell would choose to break the law again by returning to the closed bridge. When force was applied, Mitchell was actively resisting officers by holding a large shield while standing in a protester shield wall on the bridge in resistance to law enforcement's advance and repeated commands

Randall J. Bakke\*△+◌ᵥ
 rbakke@bgwattorneys.com
Shawn A. Grinolds\*○
 sgrinolds@bgwattorneys.com
Bradley N. Wiederholt\*○
 bwiederholt@bgwattorneys.com
Grant T. Bakke\*ˣ
 gbakke@bgwattorneys.com
David R. Phillips\*
 dphillips@bgwattorneys.com

\* Licensed in North Dakota
○ Licensed in Minnesota
△ Licensed in South Dakota
+ Board Certified Civil Trial
 Specialist by National Board
 of Trial Advocacy
◌ Fellow-Litigation Counsel of America
ᵥ Board Certified Civil Practice
 Advocacy by National Board
 of Civil Pretrial Practice Advocacy
ˣ MBA

to disperse. Under these circumstances, officers did not use excessive force as they were left with no other reasonable alternative other than to deploy drag-stabilized beanbag rounds to disperse protesters illegally on the bridge, to apprehend Mitchell and restore order to the scene.

 Respectfully submitted,

*/s/ Shawn A. Grinolds*

Shawn A. Grinolds

Clerk.4 28j response Locke v Cnty of Hubbard

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 28(j), the body of the foregoing letter does not exceed 350 words.

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, I caused the foregoing 28(j) response letter to be electronically filed with the Clerk of Court for the U.S. Court of Appeals for the Eighth Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ *Shawn A. Grinolds*
Shawn A. Grinolds